IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                            No. CR 18-531 RB

LUIS RAUL BARRERA-ROJO,

    Defendant.

## MEMORANDUM OPINION AND ORDER

In this matter, defendant Luis Raul Barrera-Rojo seeks to dismiss the criminal complaint against him. Mr. Barrera-Rojo, charged with illegal re-entry after prior removal, argues that his 2003 removal from the United States to Mexico was procedurally invalid and cannot support the criminal charge against him. Because he cannot prove that the 2003 removal was fundamentally unfair, the Court **denies** Mr. Barrera-Rojo's motion.

## FACTS

In October of 2003, Luis Raul Barrera-Rojo was hiding in a car heading into the United States. (Doc. 21, Ex. B at 2.) Without the requisite legal documentation, he nonetheless hoped to surreptitiously enter the States to be with his wife and daughter. (*Id.*) United States border authorities caught Mr. Barrera-Rojo and informed him—in Spanish—of his rights. (*See id.* at 1.) After indicating that he understood his rights, Mr. Barrera-Rojo voluntarily answered the authorities' questions. (*See id.* at 1–4.)

Mr. Barrera-Rojo admitted that he did not have a legal claim to be in the United States, knew he was violating the law, and had no fear of harm or any other concerns about being removed back to Mexico. (*Id.* at 2, 4.) Consistent with his answers, Mr. Barrera-Rojo did not seek asylum.

Border authorities determined that Mr. Barrera-Rojo was an inadmissible alien under 8 U.S.C. § 1182(a)(7)(A)(i)(I) and sent him back to Mexico pursuant to 8 U.S.C. § 1225(b)(1)(A)(i). (Doc. 21, Ex. A at 1.) Sometime later, Mr. Barrera-Rojo returned to the United States. (*See* Doc. 21 at 2.) He was caught and sent back to Mexico in May of 2004, after his previous order of removal was reinstated. (*See id.*)

Despite being removed twice, Mr. Barrera-Rojo returned again to the United States. (*See id.*) He was apprehended on January 25, 2018, and charged with violating 8 U.S.C. § 1326, which penalizes an undocumented alien's re-entry into the United States after prior removal. (*See id.*) Mr. Barrera-Rojo asks this Court to dismiss the criminal complaint, claiming that his removal in 2003 was improper and cannot form the basis of a § 1326 violation. (*See id.* at 6.)

## DISCUSSION

### *I. The Court has jurisdiction to review Mr. Barrera-Rojo's collateral attack.*

Mr. Barrera-Rojo seeks to collaterally attack his underlying 2003 removal. Section 1225(b)(1)(D) provides that in any § 1326 action, "the court shall not have jurisdiction to hear any claim attacking the validity of an order of removal . . . ." entered under § 1182(a)(7). 8 U.S.C. § 1225(b)(1)(D). The present case involves a § 1326 action, and, according to the government, Mr. Barrera-Rojo's 2003 removal was correctly entered under § 1182(a)(7)(A)(i)(I). On a straightforward reading of § 1225(b)(1)(D), the Court appears to lack jurisdiction over this matter.

The Ninth Circuit has ruled that § 1225(b)(1)(D) is unconstitutional to the extent that it precludes at least some review of an order that becomes important to a subsequent criminal sanction. *See United States v. Barajas-Alvarado*, 655 F.3d 1077, 1085 (9th Cir. 2011). The Ninth Circuit premised its ruling on the Supreme Court's decision in *United States v. Mendoza-Lopez*,

481 U.S. 828 (1987), which held that "where a determination made in an administrative proceeding is to play a critical role in the subsequent imposition of a criminal sanction, there must be *some* meaningful review of the administrative proceeding." *Mendoza-Lopez*, 481 U.S. at 837–38 (emphasis original).

The Court agrees with the Ninth Circuit. Following *Mendoza-Lopez*, a categorical prohibition of any review of a prior removal order would violate due process when the prior order is to be the basis of criminal sanctions. Pursuant to 18 U.S.C. § 3231, the Court has jurisdiction to review any removal underlying a § 1326 charge.

## *II. Mr. Barrera-Rojo cannot successfully attack his underlying removal order.*

In response to *Mendoza-Lopez*, Congress amended § 1326 to establish the standard for a successful collateral attack on an underlying removal order. Mr. Barrera-Rojo bears the burden of proving that (1) he exhausted any administrative remedies, (2) the removal proceedings below improperly deprived him of an opportunity for judicial review, and (3) the removal order was fundamentally unfair. *See* 8 U.S.C. § 1326(d).

"An underlying order is 'fundamentally unfair' if (1) a defendant's due process rights were violated by defects in his underlying deportation proceeding, and (2) he suffered prejudice as a result of the defects." *United States v. Vargas-Ortiz*, 667 F. App'x 699, 700 (10th Cir. 2016) (quoting *U.S. v. Alvarado-Pineda*, 774 F.3d 1198, 1201 (9th Cir. 2014)). On due process, normally, "[w]hatever the procedure authorized by Congress is, it is due process as far as an alien denied entry is concerned." *United States ex rel. Knauff v. Shaughnessy*, 338 U.S. 537, 544 (1950). On prejudice, Mr. Barrera-Rojo must "demonstrate a 'reasonable likelihood that, but for the errors complained of, he would not have been deported.' " *United States v. Aguirre-Tello*, 353 F.3d 1199, 1208 (10th Cir. 2004) (quotation and citations omitted).

Mr. Barrera-Rojo cannot meet his burden of proving fundamental unfairness because he can neither point to a due process violation nor identify any prejudice. He argues that he was mistakenly classified as an inadmissible applicant instead of a stowaway. (Doc. 21 at 3–4.) But it is unclear how that distinction makes a difference. If Mr. Barrera-Rojo is an inadmissible applicant under § 1182(a)(7), then he is subject to removal without further hearing or review unless he applies for asylum or indicates a fear of persecution in Mexico:

> If an immigration officer determines that an alien . . . who is arriving in the United States . . . is inadmissible under section 1182(a)(6)(C) or 1182(a)(7) of this title, the officer shall order the alien removed from the United States without further hearing or review unless the alien indicates either an intention to apply for asylum under section 1158 or a fear of persecution.

8 U.S.C. § 1225(b)(1)(A). And if he is instead a stowaway, he is still subject to removal without further review unless he applies for asylum or indicates a fear of persecution in Mexico:

> An arriving alien who is a stowaway is not eligible to apply for admission or to be admitted and shall be ordered removed upon inspection by an immigration officer. Upon such inspection if the alien indicates an intention to apply for asylum under section 1158 of this title or a fear of persecution, the officer shall refer the alien for an interview under subsection (b)(1)(B). A stowaway may apply for asylum only if the stowaway is found to have a credible fear of persecution under subsection (b)(1)(B). In no case may a stowaway be considered an applicant for admission or eligible for a hearing under section 1229a of this title.

8 U.S.C. § 1225(a)(2).

In either case, Mr. Barrera-Rojo was given all the process he was due. Immigration authorities informed Mr. Barrera-Rojo of his rights in Spanish (presumably Mr. Barrera-Rojo's native language). He voluntarily answered the authorities' questions, telling them that he did not have a legal claim to be in the United States and that he knew what he was doing was illegal. The authorities asked him if he feared persecution or had any concerns about returning to Mexico. He answered no. Under these circumstances, Mr. Barrera-Rojo has not carried his burden of identifying any specific due process violation for his 2003 removal.

To be clear, there would be a due process violation if a subsequent § 1326 action relied on Mr. Barrera-Rojo's 2003 removal to establish an element of the crime, and there was no judicial review of his 2003 removal during that § 1326 action. But in processing the 2003 removal, no judicial review was necessary. *See Garcia-Marrufo v. Ashcroft*, 376 F.3d 1061, 1064 (10th Cir. 2004) (citation omitted) (explaining that *Mendoza-Lopez* allows collateral challenge "only in criminal proceedings instituted after reentry").

Mr. Barrera-Rojo also cannot establish any prejudice. In his filing to the Court, he argued that he was prejudiced both because the government is relying on his 2003 expedited removal, and because he is subject to imprisonment. (Doc. 21 at 4.) The imprisonment argument is irrelevant, as "prejudice" in this context means reasonable likelihood that he would not have been removed, not any general form of suffering. And the government can properly rely on a valid removal to establish its § 1326 case: As explained, his 2003 expedited removal was appropriate under § 1182 and § 1225 since he did not have documentation, did not fear persecution in Mexico, and did not seek asylum. He fit the mold of an undocumented alien subject to expedited removal and has not proved a reasonable likelihood that he would not have been removed but for some error.

At the hearing on this issue, Mr. Barrera-Rojo argued for the first time that he suffered prejudice because he was deprived of the ability to withdraw his application for admission. But Mr. Barrera-Rojo's alleged due process violation was that he was misclassified as an applicant because he was not applying for admission. (*See* Doc. 21 at 3–4.) If he was not applying for admission, then he suffered no prejudice from not being given the chance to withdraw a nonexistent application.[1]

---

[1] And if Mr. Barrera-Rojo meant to argue that it was a due process violation that he was not given an opportunity, as an inadmissible applicant, to withdraw his application, then that argument also fails. The opportunity to withdraw

## CONCLUSION

For the above reasons, the Court **denies** Mr. Barrera-Rojo's motion to dismiss the criminal complaint against him.

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**

---

one's application is a discretionary form of relief, not a right. *See United States v. Gandara-Delgado*, 2015 WL 12861153, at *4 (D.N.M. June 16, 2015). Mr. Barrera-Rojo has not shown why due process demanded that he be afforded this discretionary form of relief.